**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| MATTHEW BUNCH, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>IDSCAN.NET, INC.,<br><br>Defendant. | Civil No.: 2:26-cv-01929<br><br>SECTION D<br><br>Hon. Wendy B. Vitter<br><br>Magistrate Judge Donna Phillips Currault |
| JARED GREENBAUM, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>IDSCAN.NET, INC.,<br><br>Defendant. | Civil No.: 2:26-cv-01930<br><br>Hon. Wendy B. Vitter |
| MARTHA SEALY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>IDSCAN.NET, INC.,<br><br>Defendant. | Civil No.: 2:26-cv-01931<br><br>Hon. Wendy B. Vitter |

| | |
|---|---|
| MARC RIOUX, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>IDSCAN.NET, INC.,<br><br>Defendant. | Civil No.: 2:26-cv-01932<br><br>Hon. Wendy B. Vitter |
| NICHOLAS LAYMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>IDSCAN.NET, INC.,<br><br>Defendant. | Civil No.: 2:26-cv-01937<br><br>Hon. Wendy B. Vitter |
| DAVID WAGNER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>IDSCAN.NET, INC.,<br><br>Defendant. | Civil No.: 2:26-cv-01946<br><br>Hon. Wendy B. Vitter |

| | |
|---|---|
| JASON KATZ and KATHLEEN BARTMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>IDSCAN.NET, INC.,<br><br>Defendant. | Civil No.: 2:26-cv-01949<br><br>Hon. Wendy B. Vitter |
| CHARLES EDDIE BUCKLES, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>IDSCAN.NET, INC.,<br><br>Defendant. | Civil No.: 2:26-cv-01954<br><br>Hon. Wendy B. Vitter |
| DILLON SULLIVAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>IDSCAN.NET, INC.,<br><br>Defendant. | Civil No.: 2:26-cv-01956<br><br>Hon. Wendy B. Vitter |

| | |
|---|---|
| JAMES LAPORTE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>IDSCAN.NET, INC.,<br><br>Defendant. | Civil No.: 2:26-cv-01974<br><br>Hon. Wendy B. Vitter |
| NATHAN FISHER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>IDSCAN.NET, INC.,<br><br>Defendant. | Civil No.: 2:26-cv-01978<br><br>Hon. Wendy B. Vitter |
| LISA CARTER and DEBANE CARTER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>IDSCAN.NET, INC.,<br><br>Defendant. | Civil No.: 2:26-cv-01983<br><br>Hon. Wendy B. Vitter |

| | |
|---|---|
| WILLIAM RODRIGUEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>IDSCAN.NET, INC.,<br><br>Defendant. | Civil No.: 2:26-cv-02025<br><br>Hon. Wendy B. Vitter |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO CONSOLIDATE RELATED ACTIONS**

Plaintiffs Jared Greenbaum and Marc Rioux (collectively, the "Moving Plaintiffs") respectfully submit this Memorandum in support of their Motion to Consolidate Related Actions. Consolidation of the Related Actions is appropriate under considerations of convenience, judicial economy, cost reduction, and the interests of the putative class. The Related Actions arise from the same nucleus of common alleged facts and share the same defendant and putative nationwide class. Consolidating the Related Actions for all appropriate purposes will promote judicial economy and convenience by streamlining the litigation.

## I. INTRODUCTION

Defendant is an identity verification and ID scanning technology company based in New Orleans, Louisiana, that helps businesses authenticate documents, verify age, and prevent fraud. In connection with providing its services, Defendant collects, stores, and handles significant amounts of sensitive personal information.

Defendant recently experienced a cybersecurity incident that was publicly reported on September 1, 2026, which compromised significant amounts of sensitive information stored in Defendant's IT network and systems ("Data Breach"). Upon information and belief, the Data Breach

resulted in the exposure of more than 153 million driver's license scans, together with millions of other government-issued identification documents—including state identification cards, international travel cards, and medical and marijuana-dispensary cards—as well as the front- and back-side images and infrared and ultraviolet scans of such documents ("Private Information"). Since the Data Breach occurred, the compromised Private Information has appeared on a dark web marketplace site called "Nexus".

Plaintiffs learned of the Data Breach and each filed a respective putative class action. On September 2, 2026, Plaintiffs Matthew Bunch, Jared Greenbaum, Martha Sealy, and Marc Rioux filed their class action complaints naming Defendant. On September 3, 2026, Plaintiff Nicholas Layman filed a fourth class action complaint against Defendant. On September 4, 2026, Plaintiffs David Wagner, Jason Katz, Kathleen Bartman, Charles Eddie Buckles, and Dillon Sullivan filed their class action complaints against Defendant. On September 8, 2026, Plaintiff James Laporte filed his class action complaint against Defendant. On September 9, 2026, Plaintiff Nathan Fisher filed his class action complaint against Defendant, and Plaintiffs Lisa Carter and Debane Carter filed their class action complaint against Defendant. On September 10, 2026, Plaintiff Rodriguez filed the thirteenth class action complaint against Defendant. Counsel for Defendant IDScan.net, Inc. has advised that Defendant does not oppose consolidation of the Related Actions and takes no position with respect to leadership.

## II. <u>ARGUMENT AND AUTHORITIES</u>

### A. Legal Standard for Consolidation

Federal Rule of Civil Procedure 42(a) provides:

> If actions before the court involve a common question of law ***or*** fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

Rule 42(a) gives district courts broad authority to consolidate actions that involve a common question of law or fact. *Luera v. M/V Alberta*, 635 F.3d 181, 194 (5th Cir. 2011) (quoting Fed. R. Civ. P. 42(a)); *see also In re Air Crash Disaster at Fla. Everglades on Dec. 29, 1972*, 549 F.2d 1006, 1013 (5th Cir. 1977) (recognizing the trial court's strong and flexible managerial power in matters of consolidation).

The purpose of consolidation is to permit trial convenience and economy in administration. *In re Air Crash*, 549 F.2d at 1014. Courts should weigh the risk of prejudice and confusion against the risk of inconsistent adjudications, the burden of multiple lawsuits, the time required to conclude them, and the relative expense of proceeding separately. *See id.* at 1013–17; *St. Bernard Gen. Hosp., Inc. v. Hosp. Serv. Ass'n of New Orleans, Inc.*, 712 F.2d 978, 989 (5th Cir. 1983). Consolidation does not merge separate actions or alter the parties' rights; the Court may consolidate for appropriate purposes while preserving each action's separate character. *Ringwald v. Harris*, 675 F.2d 768, 770–71 (5th Cir. 1982). In deciding whether to consolidate, courts consider the following factors:

> (1) whether the actions are pending before the same court;
> (2) whether the actions involve a common party;
> (3) any risk of prejudice or confusion from consolidation;
> (4) the risk of inconsistent adjudications of common factual or legal questions if the matters are tried separately;
> (5) whether consolidation will reduce the time and cost of trying the cases separately; and
> (6) whether the cases are at the same stage of preparation for trial.

*Bayati v. GWG Holdings, Inc.*, No. 3:22-CV-0410-B, 2023 WL 5925880, at *2 (N.D. Tex. Sept. 12, 2023).

**B. The Related Actions Should Be Consolidated**

The Related Actions present common factual and legal questions because they arise from the same Data Breach. The relevant factors weigh in favor of consolidation, which will promote efficiency and uniformity without prejudicing any party. Additionally, counsel for Defendant does

oppose consolidation. The Court should therefore consolidate the Related Actions for all appropriate purposes under Rule 42(a).

Courts have recognized that consolidation is appropriate where multiple actions arise from the same data breach event. *See*, *e.g.*, *Lockhart v. El Centro Del Barrio*, No. SA-23-CV-01156-JKP, 2024 WL 303253, at *2 (W.D. Tex. Jan. 25, 2024) (finding consolidation appropriate because "Plaintiffs are all patients of Defendant asserting causes of action based on the same data breach resulting from the same cyberattack"); *Kaplan v. 21st Century Oncology Holdings*, No. 2:16-cv-210, 2016 WL 9383330, at *2 (M.D. Fla. July 21, 2016) ("it is clear that common questions of law and fact permeate these cases [because] . . . all of the cases appear to arise from the same alleged" data privacy incident).

Because the Related Actions are all pending in this District, the first factor guiding the Court's analysis weighs in favor of consolidation. *See U.S. ex rel Frey v. Health Mgmt. Sys., Inc.*, No. 3:19-cv-1141-B, 2021 WL 9145414, at *2 (N.D. Tex. Mar. 15, 2021) (first factor satisfied when "the cases are pending in the same court"); *Zolezzi v. Celadon Trucking Servs., Inc.*, No. CIV.A.H-08-3508, 2009 WL 736057, at *1 (S.D. Tex. Mar. 16, 2009) (first factor satisfied where both actions filed in same district and division).

The second factor is likewise satisfied because the Related Actions are against a common party and seek to certify a national class of similarly situated individuals whose Private Information was compromised in the Data Breach. *See Lockhart*, 2024 WL 303253, at *2 (fact that all cases filed on behalf of same class of data breach victims against same defendant supports consolidation); *Bayati*, 2023 WL 5925880, at *2 (consolidating actions filed on behalf of same proposed class against same defendant); *Arnold & Co., LLC v. David K. Young Consulting, LLC*, No. SA-13-CV-00146-DAE, 2013 WL 1411773, at *2 (W.D. Tex. Apr. 8, 2013) (ordering

consolidation where "[b]oth cases involve essentially the same parties").

The third and fourth factors favor consolidation as well. On one hand, trying the Related Actions separately would risk inconsistent findings and rulings in cases arising from the same Data Breach and brought on behalf of the same putative class. *See Lockhart*, 2024 WL 303253, at *2 (finding that "[c]onsolidation will ensure consistent rulings and promote judicial economy" where three cases asserted "causes of action based on the same data breach resulting from the same cyberattack"); *JFP Servs., L.L.C. v. Torans*, No. SA-17-CV-00210-FB, 2017 WL 9362704, at *2 (W.D. Tex. Dec. 21, 2017) ("In light of these common questions of law and fact, the Court finds there is a risk of inconsistent adjudication if the Court were to allow these cases to be tried separately before different judges[.]"). On the other hand, "[a]ny prejudice to the parties flowing from the consolidation would be minimal in comparison to these considerations." *Id.*; *see also Stoneeagle Servs., Inc. v. Gillman*, No. 3:11-CV-02408-P, 2014 WL 12577069, at *3 (N.D. Tex. Jan. 28, 2014) ("Given the substantial similarities among the facts and causes of action, the prospect of confusion incumbent on the fact finder will be nominal at best because these cases tell the same story[.]"); *Zolezzi*, 2009 WL 736057, at *2 ("[T]he court finds that the risk of prejudice or confusion if the cases are consolidated is minimal. This risk is, therefore, outweighed by the risk of inconsistent judgments should the cases be tried separately.").

Regarding the fifth factor, consolidating the Related Actions will reduce the time and costs for all involved by eliminating the need for separate filings, discovery, settlement negotiations, hearings, and trials for cases arising from the same Data Breach. This factor thus weighs in favor of consolidation. *See Bayati*, 2023 WL 5925880, at *2 (where two actions "make nearly identical legal claims based on the same set of facts," and were "filed on behalf of the same proposed class," consolidation "would therefore promote judicial efficiency"); *see also Gate Guard Servs. L.P. v.*

*Solis*, No. CIV.A. V-10-91, 2011 WL 2784447, at *15 (S.D. Tex. July 12, 2011) (ordering consolidation where "the same factual and legal issues exist in both cases and consolidating the actions would be more efficient than litigating the two cases separately").

Finally, because all Related Actions are at the same early procedural stage—complaints are filed, but there have been no responsive pleadings and no scheduling orders have been entered—the sixth factor weighs in favor of consolidation. *See Doe (S.M.A.) v. Salesforce, Inc.*, No. 3:23-CV-1040-B, 2023 WL 4108845, at *2 (N.D. Tex. June 20, 2023) (granting consolidation where cases were at the same pre-trial stage); *Arnold & Co.*, 2013 WL 1411773, at *2 (ordering consolidation where "the cases were filed less than one month apart, no dispositive motions have been filed in either case, and very little discovery has occurred"); *Gabriel v. OneWest Bank FSB*, No. CIV.A. H-11-3356, 2012 WL 1158732, at *1 (S.D. Tex. Apr. 5, 2012) (ordering consolidation where "[n]either case has been set on schedule yet, so the litigation is at the same stage in both"); *Zolezzi*, 2009 WL 736057, at *2 (ordering consolidation where "both actions are at the early stages of litigation").

Accordingly, because all factors weigh in favor of consolidation, the Court should consolidate the Related Actions.

## III. CONCLUSION

For the reasons set forth above, the Moving Plaintiffs respectfully request that the Court grant this Motion and enter an order: (1) consolidating the Related Actions into the first-filed *Bunch* action for all appropriate purposes under Rule 42(a); (2) vacating all pending deadlines in each Related Action and staying those actions, including any of Defendant's responsive pleading deadlines, to the extent the Court deems appropriate; (3) directing that any later-filed, transferred, or removed action arising out of the same subject matter be promptly identified to the Court and

considered for coordination or consolidation under Rule 42(a), as appropriate; (4) setting a deadline of seven (7) days after entry of an order granting consolidation for Plaintiffs' counsel to file leadership applications; and (5) setting a deadline to file the Consolidated Complaint 30 days after the Court's order appointing leadership. A proposed order granting the relief sought in this Memorandum is submitted herewith.

Dated: September 23, 2026

Respectfully Submitted,

*/s/ Scott J. Falgoust*
Scott J. Falgoust (LA S.B. # 33545)
Andrew A. Lemmon (LA S.B. # 18302)
**BRYSON HARRIS SUCIU & DEMAY, PLLC**
5301 Canal Boulevard
New Orleans, Louisiana 70124
Tel: (919) 585-4634
Email: sfalgoust@brysonpllc.com
Email: alemmon@brysonpllc.com

Mariya Weekes (*pro hac vice* forthcoming)
**MILBERG, PLLC**
333 SE 2nd Avenue, Suite 2000
Miami, FL 33131
Tel: (866) 252-0878
Email: mweekes@milberg.com

Leanna A. Loginov (*pro hac vice* forthcoming)
**SHAMIS & GENTILE, P.A.**
14 NE 1st Avenue, Suite 705
Miami, FL 33132
Tel: (305) 479-2299
Email: lloginov@shamisgentile.com

*Counsel for Plaintiffs Jared Greenbaum and Marc Rioux*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 23, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record who have entered an appearance in this action. Because the related actions that

are the subject of the foregoing Motion to Consolidate are separately docketed, and because counsel in those related actions and counsel for Defendant IDScan.net, Inc., have not yet entered an appearance in this action and therefore will not receive the Notice of Electronic Filing, I further certify that on the same date I served a true and correct copy of the foregoing, together with all supporting papers, by electronic mail upon all counsel identified on the below Service List.

*/s/ Scott J. Falgoust*
Scott J. Falgoust

**SERVICE LIST**

**Thomas M. Beh**
**Stephen B. Murray, Jr.**
**Arthur M. Murray**
tbeh@murray-lawfirm.com
smurrayjr@murray-lawfirm.com
amurray@murray-lawfirm.com
THE MURRAY LAW FIRM
701 Poydras Street, Suite 4250
New Orleans, LA 70139
Telephone: (504) 525-8100
Facsimile: (504) 584-5249
*Counsel for Plaintiffs Bunch (No. 2:26-cv-01929) and Fisher (No. 2:26-cv-01978)*

**L. Timothy Fisher**
**Daniel S. Guerra**
**Joshua B. Glatt**
ltfisher@bursor.com
dguerra@bursor.com
jglatt@bursor.com
BURSOR & FISHER, P.A.
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
*Counsel for Plaintiff Bunch (No. 2:26-cv-01929)*

**Andrew W. Ferich**
**Brian J. Devall**
aferich@ahdootwolfson.com
bdevall@ahdootwolfson.com
AHDOOT & WOLFSON, PC
201 King of Prussia Road, Suite 650
Radnor, PA 19087
Telephone: (310) 474-9111
Facsimile: (310) 474-8585
*Counsel for Plaintiff Sealy (No. 2:26-cv-01931)*

**Tina Wolfson**
twolfson@ahdootwolfson.com
AHDOOT & WOLFSON, PC
2600 W. Olive Avenue, Suite 500
Burbank, CA 91505
Telephone: (310) 474-9111
Facsimile: (310) 474-8585
*Counsel for Plaintiff Sealy (No. 2:26-cv-01931)*

**Eric J. O'Bell**
ejo@obelllawfirm.com
O'BELL LAW FIRM, LLC

**Melissa R. Clark**
mclark@ahdootwolfson.com
AHDOOT & WOLFSON, PC

3500 North Hullen Street
Metairie, LA 70002
Telephone: (504) 456-8677
Facsimile: (504) 456-8653
*Counsel for Plaintiff Wagner (No. 2:26-cv-01946)*

521 5th Avenue, 17th Floor
New York, NY 10175
Telephone: (917) 336-0171
Facsimile: (917) 336-0177
*Counsel for Plaintiff Sealy (No. 2:26-cv-01931)*

**Linda P. Nussbaum**
lnussbaum@nussbaumpc.com
NUSSBAUM LAW GROUP, P.C.
1225 Franklin Avenue
Garden City, NY 11530
Telephone: (917) 438-9189
*Counsel for Plaintiffs Katz & Bartman (No. 2:26-cv-01949)*

**Jonathan S. Mann**
jonm@pittmandutton.com
PITTMAN, DUTTON, HELLUMS, BRADLEY & MANN, P.C.
2001 Park Place North, Suite 1100
Birmingham, AL 35203
Telephone: (205) 322-8880
*Counsel for Plaintiff Layman (No. 2:26-cv-01937)*

**J. Greg Murphy**
Greg@getgordon.com
GORDON MCKERNAN INJURY ATTORNEYS
63 Del Orleans Avenue
Denham Springs, LA 70726
Telephone: (225) 214-0631
Facsimile: (225) 214-0631
*Counsel for Plaintiff Buckles (No. 2:26-cv-01954)*

**Gerald D. Wells, III**
**Stephen E. Connolly**
jerry@lcllp.com
steve@lcllp.com
LYNCH CARPENTER, LLP
1760 Market Street, Suite 600
Philadelphia, PA 19103
Telephone: (267) 609-6910
Facsimile: (267) 609-6955
*Counsel for Plaintiff Wagner (No. 2:26-cv-01946)*

**Anthony M. Christina**
achristina@lowey.com
LOWEY DANNENBERG, P.C.
One Tower Bridge
100 Front Street, Suite 520
West Conshohocken, PA 19428
Telephone: (215) 399-4770
Facsimile: (914) 997-0035
*Counsel for Plaintiff Buckles (No. 2:26-cv-01954)*

**Michael E. Criden**
**Lindsey C. Grossman**
mcriden@cridenlove.com
lgrossman@cridenlove.com
CRIDEN & LOVE, P.A.
2020 Salzedo Street, Suite 302
Coral Gables, FL 33134
Telephone: (305) 357-9000
*Counsel for Plaintiffs Katz & Bartman (2:26-cv-01949)*

**William B. Federman**
wbf@federmanlaw.com
FEDERMAN & SHERWOOD
10205 N. Pennsylvania Ave.

**Christian Levis**
**Amanda G. Fiorilla**
**Michi Rodriguez**
clevis@lowey.com

Oklahoma City, OK 73120
Telephone: (405) 235-1560
*Counsel for Plaintiff Sullivan (No. 2:26-cv-01956)*

afiorilla@lowey.com
mrodriguez@lowey.com
LOWEY DANNENBERG, P.C.
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035
*Counsel for Plaintiff Buckles (No. 2:26-cv-01954)*

**Brian C. Gudmundson**
**Michael L. Laird**
**Benjamin R. Cooper**
brian.gudmundson@zimmreed.com
michael.laird@zimmreed.com
benjamin.cooper@zimmreed.com
ZIMMERMAN REED LLP
1100 IDS Center, 80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 341-0400
*Counsel for Plaintiff Fisher (No. 2:26-cv-01978)*

**M. Palmer Lambert**
PLambert@pbclawfirm.com
PENDLEY, BAUDIN & COFFIN, LLC
3500 N. Causeway Blvd., Suite 402
Metairie, LA 70002
Telephone: (504) 355-0086
Facsimile: (504) 355-0089
*Counsel for Plaintiff Sullivan (No. 2:26-cv-01956)*

**Tyler A. Litke**
**Melissa G. Meyer**
tlitke@zlk.com
mmeyer@zlk.com
LEVI & KORSINSKY, LLP
33 Whitehall Street, 27th Floor
New York, NY 10004
Telephone: (212) 363-7500
Facsimile: (212) 363-7171
*Counsel for Plaintiff Rodriguez (No. 2:26-cv-02025)*

**Reagan C. Thomas**
**Jean S. Martin**
rthomas@awkolaw.com
jmartin@awkolaw.com
AYLSTOCK, WITKIN, KREIS
& OVERHOLTZ, PLLC
17 E. Main Street, Suite 200
Pensacola, FL 32502
Telephone: (850) 202-1010
*Counsel for Plaintiff Laporte (No. 2:26-cv-01974)*

**Jeffrey P. Berniard**
Jeff@GetJeff.com
BERNIARD LAW FIRM, L.L.C.
1140 St. Charles Ave.
New Orleans, LA 70130
Telephone: (504) 521-6000
(Service by email only, per complaint)
*Counsel for Plaintiffs Carter & Carter (No. 2:26-cv-01983)*

**Jill Fertel**
**Vanessa Berrocal**
Jill.Fertel@klalegal.com
Vanessa.Berrocal@klalegal.com
KLA LEGAL LLP
Telephone: (610) 472-0240
*Counsel for Defendant IDScan.net, Inc.*